Sweet *against* the Overseers of the Poor of the town of Clinton.

An order of bastardy made by two justices, pursuant to the statute, is *prima facie* evidence of the truth of the facts therein stated, it being considered as a judgment of the magistrates. If the party appeal from the order, it is incumbent on him to impeach the truth of the facts. The court of sessions are judges of the law and the fact, and a bill of exceptions does not lie to that court. This court may order the sessions by *certiorari*, to return all the facts and proceedings before them.

THIS cause came before the court on a return to a *certiorari* from the court of general sessions in *Dutchess* county. An appeal had been made to the sessions, from an order of bastardy made by two justices of the peace. Upon the traverse to the appeal, it was contended, on the part of the appellant, that the overseers ought to proceed to establish the order by proof; that the subject ought to be examined in the same manner, as it had been before the justices, who granted the order, and that the overseers ought to call the mother of the child, on whose oath the order had been founded. The court of sessions determined, that the order was *prima facie* evidence of the facts contained therein ; and that it was incumbent on the appellant to prove that the facts set forth in the order were not true. Testimony was also offered, on the part of the appellant, to impeach the credit of the mother, but the court determined, that as she had not been examined as a witness before the sessions, her character was not to be questioned. The appellant then offered to call her as a witness, reserving the right afterwards to impeach her credit ; but the court decided, that if the appellant chose to call her as a witness, he should not be allowed, afterwards, to impeach her testimony. The sessions having confirmed the order of the justices, the appellant tendered a bill of exceptions, which was sealed by the judges of the sessions, and returned, with the order and other proceedings annexed to the *certiorari*, to this court.

*Rudd*, for the plaintiff in error. The order, in the first instance, is made on the *ex parte* affidavit of the mother; and on an appeal, the sessions ought to allow the parties to produce new evidence ; they ought not to be concluded by the facts, as they appeared before the justices. By the statute of the 18 *Eliz.* c. 3. an order of bastardy could

ALBANY,
Feb. 1808.

Sweet
v.
Overseers of
Clinton.

* *Cro. Car.* 470.
† 2 *Buls.* 355.
*Cro. Car.* 341.
350. 1 *Str.* 475.
*Doug.* 632.    1
*Burns' Justice,*
20th ed. 246,
247.
‡ 2 *Bulstr.* 355.
1 *Bott.* 498. 1
*Burns,* 247.
§ *Laws of N Y.*
vol. 1. p. 194,
195.

only be made by two justices ; but by the statute of 3 *Car.*
I. c. 4. the sessions have an original jurisdiction in cases
of bastardy.    It was so decided in *William Slater's* case,*
and in *Pridgeon's* case ;† and the sessions may not only
make an original order, but they may quash the order of
the justices, and make a new order, against which there
can be no appeal.‡    By our statute, the putative father is
to enter into a recognizance, not only to perform the order
of the justices, but to appear at the next general sessions
of the peace, and to abide such order as the sessions may
make.§    The sessions are thus fully empowered to make
any order they may judge proper, and for that purpose to
enter into an examination of the case *de novo*.    In the
present case, the course of proceedings adopted by the
sessions, effectually deprives the party of all the benefit of
an appeal.

*J. Tallmadge,* contra.    A preliminary question arises
in this case, whether a bill of exceptions will lie to the
sessions on an appeal from an order.    In the case of *The
King* v. *The Inhabitants of Preston,*¶ it was expressly de-
cided, that a bill of exceptions would not lie in such a
case.

¶ 2 *Str.* 1039.
2 *Burr. Sett.
Ca.* 77.    *Ca.
temp. Hardw.*
249. *Bott.* 705.

By the order of the justices, it is stated, that it was
made as well on the oath of the mother, as otherwise.    It
may be, then, that the justices had other evidence before
them.    On an appeal, every intendment is to be made in
favour of an order of justices.**    The appellant ought,
therefore, to prove facts sufficient to induce the sessions to
set it aside.††    He ought to show cause against the order,
before the other side are called upon to support it.    The
sessions, as a court, have competent power to regulate their
own practice, and the course of proceedings before them
on appeals.    The language of the act, as to the condition
of the recognizance, countenances this idea.

** 6 *East,* 61.

†† 2 *Bott.* 17.

The appellant clearly had no right to impeach the cha-
racter of the mother as a witness, when she had not been
sworn in the cause then before the sessions.    You cannot,
in one court, impeach the credit of a witness sworn in ano-

ther court, until after such witness has been called in, and sworn in the court in which his credit is intended to be impeached. If the appellant had called the mother as a witness, it would have been against the established rule in all courts, to have allowed him to impeach the character of his own witness.

The order of the justices is never granted until the putative father is summoned to appear and show cause. By appealing from the order, the appellant is bound to show affirmatively, that the order ought not to have been made against him.

*Rudd*, in reply. Some difficulty has arisen in the *English* courts, as to the manner of bringing these causes before the higher tribunals. The court of *K. B.* have decided, that they would not inquire into the facts adjudged before the sessions ; but that when they erred in matters of law, that court would interfere, to correct their errors.\* The usual course seems to have been, to bring the question before the higher courts, on special cases. But it has been determined, in *England*, that the court of *K. B.* has no power to compel the sessions to state a special case.† If this is to be the rule in this court, and no bill of exceptions will lie, the errors of the sessions can never be corrected. It becomes then a point of practice of some importance to determine, whether the decisions of the sessions may be reviewed, or must be final and conclusive. It is true, inferior as well as other courts may establish their own rules of proceeding, but the supreme court will never permit an inferior court so to frame its rules of practice, as to avoid the correcting and controuling power of the higher tribunal.

As to the words of the order, it is sufficient to observe, that it is always so expressed, but it does not follow, that any other evidence than the oath of the mother was produced. It seems unreasonable to require the appellant to prove a negative. The natural and proper course is, to call on the overseers to establish the truth of the facts on which the order was founded.

ALBANY, Feb. 1808.

Sweet v. Overseers of Clinton.

\* 2 *Burr. Sess. Ca.* 77.

† 2 *Burr. Sess. Ca.* 64. *Bott.* 1850.

THOMPSON, J. delivered the opinion of the court. This case is brought up by *certiorari* from the court of sessions in *Dutchess* county. It came before the sessions by appeal, on an order of bastardy, made by two justices of the peace, and the question presented to this court is, whether, on such appeal, the order of the justices ought to have been received by the sessions as *prima facie* evidence, and to be impeached by the appellant, or whether the sessions are to take up the examination *de novo*, as if no order had been made. We have not been able, from an examination of the cases cited on the argument, to find that the question has ever received any judicial determination, or to ascertain what the practice has been. We are inclined, however, on general principles, to think, that the order ought to be received as *prima facie* evidence, and the *onus* of impeaching it thrown on the appellant. This order was the judgment of magistrates, having jurisdiction of the subject-matter. It is final and conclusive upon the party, unless reversed on appeal, and no appeal lies to take the case from the magistrates, until they have passed judgment upon it. The appeal is for the purpose of revising and correcting the errors of the magistrates, and their judgment ought to be deemed valid, until some ground for reversing it be shown.

A question was also made, on the argument, whether a bill of exceptions would lie to a court of sessions. It appears to be pretty well settled, by the cases in the books, that it will not. In those summary proceedings, the sessions are judges, both of law and fact, and it would seem to be the intention of the statutes, instituting these proceedings, that what the justices do shall be final as to facts, and every thing but the law arising therefrom. (2 *Strange*, 1040.) If the sessions do not return to the *certiorari*, all the facts which were before them, and which are necessary to appear, in order to judge of the law applicable to the case, the practice I apprehend to be, for

this court to order the sessions to return such facts. (1
*Term*, 775. *Burr. S. C.* 697.)

The order of the sessions must be affirmed.

<div align="right">Judgment affirmed.</div>