Hunt v. Singer.

taken to, were wholly immaterial. The only questions in the case was whether the receiver acted negligently in giving it up, and its value, and upon these questions this testimony could have no bearing.

The judgment should be affirmed.

---

POLLY HUNT and GEORGE W. HUNT, Admr. and Admi'x. of WALTER HUNT, deceased, v. ISAAC SINGER and EDWARD CLARK. 1 Daly 209-AFFIRMED, 41 N. Y. 620.

Where a party desires to rescind or abandon a contract because of some alleged breach, the law requires him to act with due promptness in making his election, and he will not, as a general rule, be permitted to do so, when at the time of the recision, both parties cannot be placed in the identical situation, nor can stand upon the same terms existing at the time the contract was made.

Thus, where the defendants, who sought to avoid a contract on the ground of fraud, knew of the existence of the fact of which the fraud was alleged, and notwithstanding such knowledge, proceeded to complete their part of the contract, by which they reaped substantial advantages, e. g., in preventing opposition to the extension of a patent right,—*Held*, that they would not be allowed to rescind or annul the contract on the ground of the alleged fraud.

APPEAL by the defendants from a judgment of the Marine Court at General Term.

This action is brought by Polly Hunt and George W. Hunt, administratrix and administrator of Walter Hunt, deceased, against Isaac M. Singer and Edward Clark, to recover the sum of one hundred dollars, the amount of an instalment alleged to have become due on the first day of September, 1860, under and by virtue of a contract made on the 3d day of May, 1858, between Walter Hunt, since deceased, and the defendants.

By this contract it was agreed that the defendants should have the exclusive direction and control of the intestate'e invention of a sewing machine, with power to apply for a patent, &c., and in consideration thereof, the defendants agreed to pay to the intestate the sum of one hundred dollars a month for every month between May 10, 1858, and September 10, 1860. These instalments were regularly paid, with the exception of the last one due, for which this action was brought.

The defence set up, and endeavored to be proved upon trial was, that Hunt had, prior to his agreement with defendants, entered into a contract about his sewing-machines with John W. Martin, in April, 1857, more than a year previous, which, under the third article of his agreement with defendants, barred his claims on them.

The third article of the agreement was as follows:

"That the said party of the first part hereby covenants and agrees that he has not executed any paper, or made any contract which will or may impair or injuriously affect the right of the said parties of the second part to completely direct all the matters contained in the last preceding articles, and the stipulations hereinafter made on the part of the parties of the second part in favor of the party of the first part are upon that condition."

Martin's contract was never carried into practical operation, and had been abandoned, and it was proved that defendants knew of the Martin contract, and considered it valueless, and with full knowledge of it paid all the instalments which fell due before the renewal of Howe's patent.

Judgment was rendered for the plaintiffs, which was affirmed by the General Term of the Marine Court. The defendants appealed to this Court.

*J. Van Ness Lyle*, for appellants.

*C. W. Sandford*, for respondents.

BY THE COURT.—HILTON, J.—In the contract of Walter Hunt, deceased, with the defendants, he agreed that they

should have the exclusive direction and control of his un-patented discoveries or inventions respecting sewing machines, and power to make application for a patent, or to apply to Congress for a grant of special privileges, or for some specific compensation for the public benefits conferred by the inventions; and he covenanted that he had not executed any paper, or made any contract which would or might impair, or injuriously affect the right of the defendants to completely direct in respect to such applications. In consideration of this agreement and covenant, the defendants agreed to make certain monthly payments of one hundred dollars each.

The prior agreement made with Martin was evidently in contemplation of a partnership, by which Martin agreed to advance an amount of money for the purpose of manufacturing several articles invented by Hunt, including the sewing machine, and open a place of business in which the inventions might be brought to the notice of the public for purposes of sale, &c. But if Martin failed to furnish the means agreed on, Hunt was entitled to a relinquishment of all the interests transferred by the agreement to Martin, and which comprised the claim to the invention of sewing machines, upon paying the money actually advanced by Martin under the contract.

The evidence at the trial shows that this arrangement was never carried into practical operation between Hunt and Martin, although it seems some small advances were made by Martin for the purpose. The agreement thus became in effect a mortgage upon the sewing machine invention, with others, to the extent of the moneys so advanced, and as such it cannot be said to fall within the class of contracts which Hunt covenanted with the defendants that he had not executed, being but a lien upon the interest of Hunt, which would not affect or impair the right of the defendants to " completely direct in respect " to the applications, which, as appears by their contract, they desired to control.

This constitutes a sufficient ground for affirming the judgment, but another may be stated equally fatal in its result. When a party desires to rescind or abandon a contract because of some alleged breach, the law requires that he shall act with all due promptness in making his election, nor will he, as a general rule, subject however to a few exceptions, be per-

mitted to do so, when, at the time of the recision, both parties cannot be placed in the identical situation which they occupied, and cannot stand upon the same terms as those which existed at the time the contract was made; and the most obvious illustration of this rule is, where the party desiring to rescind has received a partial benefit from the contract. *Lawlor* v. *Seldon*, 11 Howard, P. R. 526; *Lawrence* v. *Dale*, 3 Johns. 23 S. C.; 17 Johns. 437; Chitty on Cont. 5 Am. ed. 742.

Here, it was shown that the defendants knew of the Martin contract prior to December, 1859, and regarded it as worthless, that they were unwilling, not only to advance a small sum to procure its cancellation, but in addition, continued to pay the monthly instalment to Hunt for many months thereafter, and until Howe procured an extension of his patent, when the interests derived under their agreement with Hunt became positively valueless to any one.

Having, as I think it may fairly be inferred from the evidence, by means of their controlling Hunt's invention, made a satisfactory arrangement with Howe and silenced any opposition to his claim for an extension on the part of those who might represent Hunt's claim to having been the original inventor of the sewing machine, they now desire to rescind and annul their contract when it is impossible to place the plaintiffs in the condition they would have been prior to the extension of Howe's patent having been procured; and after the defendants have acquired and realized, in all probability, all the benefit they ever expected to gain by their contract with Hunt.

A plainer illustration of the propriety of the rule stated could not be found.

Judgment affirmed.