(7 App. Div. 122) .

### HALLAHAN v. WEBBER et al.

(Supreme Court, Appellate Division, First Department.　June 29, 1896.)

RESCISSION OF SALE—LACHES.

The right of a seller to rescind on the ground that she was induced to make the sale by false representations of the buyer is waived by delay in exercising it, where it appears that the sale was made on the 13th of January, and that plaintiff was aware of the fraud on the 9th of April, but did not attempt to rescind the contract until July 10th, after the buyer's assignee for benefit of creditors had sold the goods. 37 N. Y. Supp. 613, reversed.

Appeal from special term, New York county.

Action by Grace A. Hallahan, as administratrix de bonis non of Michael J. Hallahan, deceased, against George C. Webber, and Lucien S. Bayliss, as assignee of George C. Webber for the benefit of creditors, to set aside on the ground of fraud the sale of a stock of goods and business fixtures made by the original plaintiff, Catherine A. Hallahan, deceased, as administratrix of her late husband, Michael J. Hallahan, to defendant Webber, and to impress a trust in favor of plaintiff on the proceeds of such property as may have come into the hands of defendant Bayliss as Webber's assignee, and to direct said assignee to account therefor.　From an interlocutory judgment granting the relief asked (37 N. Y. Supp. 613) defendants appeal.　Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

B. H. Bayliss, for appellants.
Theodore H. Friend, for respondent.

VAN BRUNT, P. J.　In the cases of Masson v. Bovet, 1 Denio, 69; Cobb v. Hatfield, 46 N. Y. 533; Hammond v. Pennock, 61 N. Y. 145; Shiffer v. Dietz, 83 N. Y. 300; Strong v. Strong, 102 N. Y. 69, 5 N. E. 799; and many other cases which might be cited,—it is stated that it is a settled rule that the right to rescind a contract for fraud must be exercised immediately upon its discovery, and that any delay in doing so will be deemed an election to affirm the contract.　Applying this rule to the facts disclosed by the record before us in the case at bar, it is evident that the plaintiff was not in a position, on the 10th of July, 1894, to attempt to rescind the contract of the 13th of January, 1894, between the defendant's assignor and herself, upon the ground of fraud, as she endeavored to do.　It appears from the evidence in this case that as early as the 9th of April, 1894, the plaintiff was aware of the fraud which had been perpetrated upon her, and that she waited for the purpose of seeing whether it would be more advantageous to allow the contract to stand or to disaffirm the same; and that it was only after a delay of three months, when she became convinced that she could get more money by disaffirmance, that she took any action tending towards this end.　She knew in April that the assignee of Webber, the person with whom she had made the contract of sale, was endeavoring to dispose of the assigned property.　She waited until after that

sale had taken place. In June she inquired as to the prospect of a dividend under the assignment, and not until July 10th did she attempt to rescind. Where a party, upon discovering fraud in a contract, lies by, and speculates as to which is the best policy to pursue, to disaffirm or to allow the contract to stand, he cannot be permitted, after the course of events has demonstrated that disaffirmance is the best policy, to rescind. Equity requires that he should elect promptly, and not delay action, and permit the other party to treat the contract as existing, and act accordingly. In the case at bar the plaintiff permitted the assignee to have the care and custody of this property, the proceeds of which she now claims upon the ground of the alleged fraud of the assignor. She allowed him to have the trouble and expense of selling it, and she permitted its sale, all the time being cognizant of the fraud which she alleges was perpetrated upon her. Whatever may be the true interpretation of the rule in England as laid down in the case of Clough v. Railroad Co., L. R. 7 Exch. 26, upon which the learned judge below relied in coming to the conclusion which he did in deciding this action, in this state reasonable promptness of action in disaffirmance of a contract is required upon the part of the party seeking to rescind. This rule is further illustrated in Pickslay v. Starr, 44 N. E. 163, a decision of the court of appeals. It does not seem necessary to multiply considerations upon a point which is so elementary, and the equity of which is so evident. In view of the conclusion at which we have arrived upon the question of the delay in the rescission, it would be useless to discuss the point as to whether the evidence justified the court below in the finding of fraud or not. The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.