(29 Misc. Rep. 419.)

### POWELL v. F. C. LINDE CO. (two cases.)

(Supreme Court, Trial Term, New York County. November, 1899.)

1. LEASES—ASSIGNMENT—MISREPRESENTATIONS—ESTOPPEL.

An assignee of a lease is chargeable with knowledge of its contents, so as to estop him to take advantage of misrepresentations respecting its contents made by the lessor to induce the execution of a new lease.

2. SAME—SURRENDER.

The fact that a lessor had induced the execution of a lease by false representations respecting the terms of a prior lease is no defense to an action for rent, the lessee not having surrendered the lease on discovering the fraud.

Action by Alexander M. Powell against the F. C. Linde Company for rent, under a lease. Defendant alleged in defense that plaintiff had fraudulently misstated the amount of rent reserved by a prior lease to defendant's assignor, Dean & Co., which induced his execution of the lease in question. Judgment for plaintiff. Motion for new trial. Denied.

H. W. Schmitz, for plaintiff.

G. D. B. Hasbrouck, for defendant.

McADAM, J. By purchasing the lease from Dean & Co., the defendant became chargeable with knowledge of its contents. Grosvenor v. Green, 28 Law J. Ch. 173; Wilson v. Hart, 1 Ch. App. 463. But assuming that the defendant can legally plead ignorance of the terms of the lease it purchased, and was defrauded into making the new lease by the alleged misrepresentation as to the rental reserved by the old lease, the defendant is liable for the rent reserved by the new lease, because of its failure to rescind the contract by restoring the plaintiff to the position he before occupied. There is neither allegation nor claim that upon discovering the fraud the defendant rescinded the hiring, nor is there any counterclaim for damages resulting from the alleged fraud. To rescind is "to abrogate, annul, avoid, or cancel a contract." Abb. Law Dict. And the defendant, instead of retaining the lease executed by the plaintiff, which gave it the unquestionable right of possession to valuable property for a term of over 10 years, and thereby treating it as an existing obligation and term; ought to have indorsed a cancellation thereon or surrender thereof, and tendered such canceled and surrendered lease to the plaintiff, and in that way effectually repudiated the contract of hiring, and all benefit under it. If this had been done, the plaintiff would have had his election to accept such surrender, and then pursue his legal remedies on the Dean lease, which he claimed to be unassignable without his consent. The plaintiff was deprived of this opportunity by the act of the defendant, and the defendant, upon

the allegations contained in its pleading, has no defense to the action, in view of the undisputed fact that it took possession of the property, and is now in possession thereof, and presumably under this lease, the former one having been canceled. "In cases of suits for rescission on the ground of fraud, the general principle is that he who seeks equity must do equity; that the party against whom relief is sought shall be remitted to the position he occupied, so far as may be, before the transaction complained of. The courts proceed on the principle that, as the transaction ought never to have taken place, the parties are to be placed as far as possible in the situation in which they would have stood if there had never been any such transaction. Hence, though a party who has been induced by fraud may elect, under proper circumstances, to rescind the same, he can only do so upon the terms of restoring to the wrongdoer the consideration received from him, or its value." Bigelow, Frauds, 408, 409; Hunt v. Singer, 1 Daly, 209, affirmed in 41 N. Y. 620. Rescission is the undoing of a thing, and nothing seems to have been undone here. What was done is still in force. The election to rescind must be exercised promptly, or the party will be deemed to have affirmed the contract. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123; Strong v. Strong, 102 N. Y. 73, 5 N. E. 799; La Follette v. Noble, 13 Misc. Rep. 574, 34 N. Y. Supp. 955; Hallahan v. Webber, 7 App. Div. 122, 40 N. Y. Supp. 103. Rescission with a string to it will not do. It must be unmistakable and unconditional in a case like this. No such rescission is alleged, or was offered to be proved.

For these reasons the motion for a new trial must be denied, but without costs.