[Filed January 11, 1892.]

*A. WELLMAN, ADMINISTRATOR, *v.* THE OREGON SHORT LINE, ETC. RY. CO.

ERROR — WHOLE CHARGE TO BE CONSIDERED. — In determining whether there is error in the instructions to the jury, the whole charge will be considered together; and if it appear that the case has been placed fully, fairly, and properly before the jury by the entire charge, the judgment will not be reversed, although it may appear that some one instruction taken by itself may not be entirely correct.

ERROR FAVORABLE TO APPELLANT. — A party cannot on appeal complain of an error favorable to himself.

FELLOW-SERVANTS — NEGLIGENCE — INJURY. — Whether or not two or more employes of a common master are fellow-servants, depends upon the

* Heard at Pendleton, May term, 1891. Decided at Salem, October term, 1891.

circumstances of each case; the principle being that to constitute fellow-servants, they must be all engaged in the same service or particular employment.  In such cases, an injury happening to one servant by the negligence of a fellow-servant, furnishes no cause of action against the master.

MASTER AND SERVANT—SAFE APPLIANCES—DELEGATION OF MASTER'S DUTY.— A railroad company owes a duty to its trainmen to furnish a reasonably safe track and road-bed whereon they may operate its trains; and if an employe to whom the company has delegated this duty has previous knowledge of an obstruction on the track, it is incumbent upon him to warn those in charge of any train about to pass over the track, of the danger; and a failure to do so would render the company liable in damages for an injury to the trainmen caused by the obstruction.

Union county: J. A. FEE, Judge.

Defendant appeals.  Affirmed.

It is claimed by the plaintiff that one Fred Wellman was killed through and by the negligence of the defendant, and this action is prosecuted by his administrator to recover damages for such alleged negligence.

The complaint charges the negligence thus:  "That on the sixteenth day, of January, 1890, plaintiff's intestate, Fred Wellman, was in the employ of the defendant in the capacity of fireman on one of defendant's locomotive engines; and at the time of the injury and death of said Fred Wellman, hereinafter set out, said Wellman was in the proper discharge of his duty as such fireman upon a locomotive of defendant running over and upon the railroad track of of defendant in Union county, Oregon, which locomotive was with another of defendant's locomotives, attached to a train in charge of a conductor also in the employ of defendant; that defendant carelessly and negligently permitted the said track and road-bed of the railroad, controlled and operated by defendant, to become obstructed, and negligently and carelessly permitted and allowed the track of said railroad to be and become out of repair and unsafe for the passage of its said engines and trains over said track at a point near what is known as Stumptown, in Union county, Oregon, and where the death of plaintiff's intestate was caused; and that said track was at said point negligently

and carelessly allowed by the defendant to become and remain obstructed by slides to and upon the same, of snow, ice, rocks, and gravel; and that the cross-ties under the rails of said track were old, rotten, and insufficient to hold the fastenings of the rails thereon; and the rails of said track were insecurely and insufficiently fastened to the cross-ties and without proper braces; that defendant negligently and carelessly failed and neglected to properly inspect its road-bed and track at said point, and to notify plaintiff's said intestate and the parties in charge of said engines and train of the obstruction upon said track and the unsafe condition of the same. The said engine, upon which plaintiff's intestate was at work as fireman, in passing over said railroad track and road-bed, ran into and upon the said obstruction, and upon said unsafe track; and said engine was, by reason of said obstruction and the bad condition of said track, derailed and thrown from the said track and road-bed, and fell upon plaintiff's intestate, whereby he was instantly killed," and that by reason thereof the estate of said intestate has been damaged five thousand dollars, for which judgment is demanded.

The answer denies each material allegation of the complaint, and then alleges as a further defense: "That at the time of the injury to the plaintiff's intestate in the complaint mentioned, alleged to have caused the death of the said deceased, Fred Wellman, he, the said deceased, was and for a long time prior thereto had been in the employ of the defendant, and as a part of his employment was engaged in the operation of a work train running over defendant's said road, and engaged in the work of aiding and clearing defendant's track from obstructions thereon, arising from time to time without the fault of or caused or permitted by this defendant, by falling snow and slides thereover; that the said work of so clearing defendant's track is and was of necessity a dangerous and hazardous work, all of which deceased well knew at the time of his engaging thereat; that the other persons upon the said

train were fellow-servants of the deceased, and engaged in the same line of employment; that on or about the date in the complaint mentioned as the time of the injury and accident to the said deceased, said deceased, together with the other persons referred to in the complaint, fellow-servants of the said deceased, in the course of their general employment, but without the direction of the defendant, voluntarily undertook to run a train over defendant's said road for the purpose of clearing the track of the same of the accumulations of snow thereon, arising by falling snow and slides which had accumulated thereon without defendant's cause or fault, well knowing of such accumulations thereon, and while so engaged thereat ran into a snow-slide over defendant's track of which defendant had no knowledge, and which defendant could not have known by the exercise of due diligence on its part, and so ran into the same for the purpose of clearing the same from the track of defendant's road; by reason of which act on the part of the said deceased, and of his fellow-servants on said train, the engine upon which deceased was engaged at work was derailed and thrown over; and whatever injuries said deceased received were received by reason of said turning over of said engine; and if there was any negligence in the running of said train into the said snow-slide, whereby the said engine was turned over and said deceased injured and killed, the same was that of the deceased and of his fellow-servants upon said train."

The reply denied the new matter in the answer, and then alleged that at and before the injury complained of, defendant had knowledge of said obstruction of the track. It is further alleged in the reply that on the day of the injury the persons in control of said train were ordered to run it over the defendant's road from Kamela to La Grande, and that while executing this order the injury occurred.

The plaintiff had a verdict and judgment for four thousand one hundred dollars, from which the defendant appealed.

*W. W. Cotton, Zera Snow,* and *W. B. Gilbert,* for Appellant.

It is undoubtedly true that the general rule of law is, that the master must ordinarily furnish a reasonably safe place and reasonably safe machinery to the servant with which to work, but this rule does not apply when the very place where the work is to be done or the machinery itself is out of repair and the servant is employed to repair or mend the same. (McKinley Fell. Serv. §§ 26, 82; *Flannagan* v. *Chicago & N. W. R. R. Co.* 50 Wis. 462; *Yeaton* v. *Boston,* etc. *R. R. Co.* 135 Mass. 418; *Brick* v. *Rochester, etc. R. R. Co.* 98 N. Y. 211; *Bryant* v. *Burlington, etc. R. R. Co.* 66 Iowa, 305; 55 Am. Rep. 275; *Morse* v. *Minn. etc. R. R. Co.* 30 Minn. 465; *Howland* v. *Milwaukee, etc. R. R. Co.* 54 Wis. 226.)

A trackman and train hands are fellow-servants. (*Anderson* v. *Bennett,* 16 Or. 515; 8 Am. St. Rep. 311; *Miller* v. *S. P. Co.* 20 Or. 285; *Wager* v. *R. R. Co.* 55 Penn. St. 461; *Slattery* v. *Toledo R. R. Co.* 23 Ind. 81; *Schultz* v. *R. R. Co.* 67 Wis. 617; 58 Am. Rep. 887; *Whaalen* v. *R. R. Co.* 8 Ohio St. 251; *Heine* v. *Chicago, etc. R. R. Co.* 58 Wis. 525; *Gormley* v. *Ohio, etc. R. R. Co.* 72 Ind. 32; *Cooper* v. *Milwaukee, etc. R. R. Co.* 23 Wis. 669; *Pennsylvania R. R. Co.* v. *Wachter,* 60 Md. 395; *Collins* v. *R. R. Co.* 30 Minn. 31; *Holden* v. *Fitchburg R. R. Co.* 129 Mass. 268; 37 Am. Rep. 343; *Blake* v. *Maine Cent. R. R. Co.* 70 Me. 60; 35 Am. Rep. 297; *Clifford* v. *Old Colony R. R. Co.* 141 Mass. 564; *H. & T. C. R. R. Co.* v. *Rider,* 62 Tex. 269; *Dallas* v. *Gulf, etc. R. R. Co.* 61 Tex. 197; *Ryan* v. *Cumberland, etc. R. R. Co.* 23 Penn. St. 384; *Coon* v. *Syracuse, etc. R. R. Co.* 5 N. Y. 494; *Boldt* v. *New York Cent. R. R. Co.* 18 N. Y. 434; *Vick* v. *New York, etc. R. R. Co.* 95 N. Y. 267; 47 Am. Rep. 36; *R. R. Co.* v. *Shackelford,* 42 Ark. 418; *Rohback* v. *Pacific R. R. Co.* 43 Mo. 187; *Sullivan* v. *Mississippi, etc. R. R. Co.* 11 Iowa, 421; *Connelly* v. *R. R. Co.* 38 Minn. 80.)

The master is only responsible for the acts of the servants to whom the duty of the master is delegated. (*Ford* v. *Fitchburg R. R. Co.* 110 Mass. 240; 14 Am. Rep. 598; *Holden* v. *Fitchburg R. R. Co.* 129 Mass. 268; 37 Am. Rep. 343; *Laning* v. *N. Y. Cent. R. R. Co.* 49 N. Y. 532; *Crispin* v.

*Babbitt,* 81 N. Y. 517; 37 Am. Rep. 521; *Malone* v. *Hathaway,* 64 N. Y. 5; 21 Am. Rep. 573; *Slater* v. *Jewett,* 85 N. Y. 61; 39 Am. Rep. 627; McKinley Fell. Serv. 161, 164.)

By prescribing suitable rules, defendant discharged its full duty toward trainmen running upon its road in winter; and the carrying out of these rules was a matter of detail for which the master could not be responsible. (*Hartvig* v. *N. P. L. Co.* 19 Or. 522; *Slater* v. *Jewett,* 85 N. Y. 61; 39 Am. Rep. 627; *Fraker* v. *St. Paul, etc. R. R. Co.* 30 Minn. 103.

Under the statutes allowing damages where one is killed by the negligence of another, they are assessed on the principle of pecuniary injury, and not as a *solatium.* No compensation can be given for wounded feelings or the loss of comfort and companionship of a relative. (Thomps. Neg. 1289.) And there must be some person in existence who has suffered pecuniary damage. (*Serensen* v. *Northern P. R. R. Co.* 45 Fed. Rep. 407.)

In order to recover more than nominal damages, the evidence must show that the persons to be benefited by the recovery suffered an actual pecuniary loss by reason of the death of deceased. (3 Suth. Damages, 281, 282; 2 Rorer Railroads, 845, 861, 862, 1167; 3 Lawson Rights & Rem. 1729; 3 Wood Railways, 1536, 1538; Field Damages, 630; *Serensen* v. *N. P. R. R. Co. supra; Louisville, etc. R. R. Co.* v. *Orr,* 91 Ala. 548; *Atchison, etc. R. Co.* v. *Brown,* 26 Kan. 443; *Chicago, etc. R. Co.* v. *Sykes,* 96 Ill. 162; *N. Chicago R. M. Co.* v. *Morrissey,* 111 Ill. 646; *Webb* v. *Ry. Co.* Utah, 24 P. R. 616.)

No proof whatever was offered that any one was damaged. The damages therefore could only be nominal. (*Ladd* v. *Davis,* 31 Fed. Rep. 827.)

*J. D. Slater,* and *Chas. H. Carey,* for Respondent.

It is not error simply, but error legally excepted to that constitutes ground of reversal. (*Kearney* v. *Snodgrass,* 12 Or. 311; *Edwards* v. *Carr,* 13 Gray, 238.)

The law imposes upon the defendant the duty to keep a safe road-bed and track for its trains to pass over, and a part

of that duty is to keep the track and road-bed free from obstructions. (*Wilson* v. *R. R. Co.* 7 Col. 101.)

Several of the instructions asked by the appellant were inapplicable to the facts, and were properly refused. (*Roberts* v. *Parrish*, 17 Or. 583.)

The burden of proving notice to the deceased that the track was obstructed, was on the defendant. (*Grant* v. *Baker*, 12 Or. 329.)

The trial court could not instruct upon the weight of the evidence or to find a particular verdict.

The amount of damages is to be estimated by the jury from evidence of the age, strength, health, skill, industry, habits, and character of the deceased. (*Kesler* v. *Smith*, 66 N. C. 158.)

Per Curiam.—The errors relied upon on this appeal relate altogether to the giving and refusal of instructions by the trial court. The court among other things instructed the jury as follows: "9. And so if at the time he was killed, he was engaged in clearing the track of snow or ice, or assisting others to do so, and his death was occasioned by the carelessness of his fellow-servants, or by any cause which from the nature of that work was liable to happen to him without the negligence of the defendant, and did so happen to him, the defendant is not liable in this case." This instruction was given at the request of the plaintiff.

The term fellow-servants was defined by the court in the fourth instruction as follows: "By the term fellow-servants is meant those who are engaged under the same employer in the same general line of duties, as, for example, those who are operating the train with the fireman who was killed, were fellow-servants with him, but those whose duty it was to keep the road in repair were not such fellow-servants."

The court also by the tenth instruction told the jury: "The first question to be decided by the jury, then, is whether the defendant has by its negligence caused the

accident; and by the defendant's negligence is meant, as
before stated, the negligence of those to whom it has
entrusted a duty to keep the track reasonably safe, whether
trackmen or section-men."

The sixth and seventh instructions previously given by
the court were as follows: "6. One of these duties, which
the defendant as employer owed to the deceased, was to
furnish and maintain a reasonably safe track and road-bed;
and any servant to whom the defendant delegated this
duty, represented the defendant as to that; and his negli-
gence would be the negligence of the defendant so as to
render the defendant responsible. 7. There has been some
evidence offered tending to show that certain trackmen or
a section-master had notice before this accident that the
track at that place was obstructed by a slide. If you find
from the evidence that those persons, or any of them,
knew the condition of the track there, and that they knew
the track in that condition was unsafe for the passage of
the train, and that they could have warned the train of the
danger, and through their neglect they, or any of them
failed to warn the train, and that neglect was the cause of
the accident, the defendant is liable."

It is argued by defendant's counsel that the effect of
these instructions, when taken in connection with the evi-
dence, is, that although Wellman knew the track was
obstructed by snow and slides, and went out on the train
for the express purpose of assisting in clearing the track,
the defendant was bound to furnish him the same reason-
ably safe road-bed and track as the law would oblige it to
do had he been engaged in the operation of a train thereon
in the ordinary course of business. There would be much
reason for this argument if the charge of the court stopped
here; but from what follows it is clear the court did not
submit the case on any such theory, nor could the jury
have so understood the law as given by the court.

The instruction that the defendant was bound to furnish
and maintain a reasonably safe track and road-bed for the

deceased, was in the nature of a general statement, and when disconnected from the remainder of the charge, in view of the defense attempted to be made, may have been erroneous; but when the court came to apply the law to the facts of this particular case, the rule was certainly sufficiently qualified as is obvious from instructions 12, 13, 16, 17, 22, and 27, given among a large number of others of similar import at defendant's request. These instructions are as follows: "12. If you find from the evidence that the defendant had no knowledge of the existence of the particular snow-bank or slide into which the train in question ran, and that the injury to the plaintiff's intestate resulted wholly from running into such slide, then I charge you that the plaintiff cannot recover, and you must find for the defendant. 13. If you find from the evidence that the plaintiff's intestate knew of the existence of snow-slides or -banks along the road, or as a reasonable, prudent man should have known of such slides, and that his injury was caused solely by striking against such slides, then I charge you that the plaintiff cannot recover, and you must find for the defendant." "16. If you find from the evidence that at or near the point of the wreck, which resulted in the death of plaintiff's intestate, and before the date of the occurrence, there had been snow storms which had obstructed said road and had prevented its operation for some time prior thereto, thereby increasing the dangers and risks of trainmen in going over such portion of said road, and that the deceased had knowledge, or the means of knowledge, of such condition by the exercise of ordinary prudence, and that notwithstanding such knowledge he continued in his employment until he received the injury resulting in his death, in consequence of the obstruction of such road by snow or slides—if you find such to be the fact, then the plaintiff cannot recover in this cause, and you must find for the defendant. 17. If you find from the evidence that the injury to plaintiff's intestate was caused solely by the engine upon which he was riding

running into a snow-bank or slide while such train was engaged in removing snow from the track, and that thereby such engine was forced off the track, I charge you that the plaintiff cannot recover, and you must find for the defendant." "22. The general rule is, that a railroad company must maintain its track in a reasonably safe condition, and failing to do so it will be liable to its servants for injuries resulting from such defective track; but this rule does not apply whenever the servant injured knew or has reason to know, or as a reasonably prudent man should have known, that such track is in bad condition, and thereafter continues in the employment and service of the company. In such case, the servants assume the risks incident to the road being in bad condition, and you cannot recover from the master for any injuries resulting therefrom." "27. While the rule generally applicable is, that it is the duty of a railroad company to keep its track suitable and sufficient for the purpose of transporting its employés thereover, and to keep such track free and clear of obstructions, yet when such road is known by such employés to be dilapidated or out of repair, or is known by such employés to be obstructed by snow or slides, then the company is not liable for any injuries resulting by reason of such condition of its road to its employés traveling over the road for any purpose."

In determining whether the jury has been properly instructed, the substance and effect of the instructions, taken as a whole, when they appear in the record, will be considered, and not merely their form, orderly arrangement, or some detached portion thereof. If the court can see that the case has been placed fully, fairly, and properly before the jury by the entire instructions, the judgment will not be reversed, although it may appear that some one instruction taken by itself may not be entirely correct. ( 2 Thomps. Trials, § 2314.) Taking the entire instructions of the court upon this subject, it is clear that their effect is, that if Wellman knew, or as a reasonably prudent man should have known, that the track was obstructed by snow-

slides or banks, and went out upon the train for the purpose of opening the road, the defendant did not owe to him the same duty to furnish a reasonably safe track and road-bed as it would had he been engaged in the operation of the train thereon, in the ordinary course of business; but he assumed the ordinary risks incident to his employment at the time, and if.his death were caused solely by the train striking against such slides, defendant would not be liable.

The instructions quoted as having been given at defendant's request, ignore the fact that the evidence tended to show that the section foreman in charge of the road at the place of the accident knew of the particular slide which caused the derailment of Wellman's train on the day before the accident, and neglected to in any way warn the persons in charge of the train of such slide or the dangerous condition of the track therefrom, although he had ample opportunity to do so; and the jury is told, in effect, that notwithstanding this fact, the company would not be liable if Wellman's· death were caused solely by the train striking this slide. For this reason the correctness of the instructions, as applied to the facts of this case, may well be doubted; but the error, if any, was in favor of defendant, and it cannot complain.

The giving of the seventh instruction already referred to is assigned as error. That instruction assumes, without qualification, that a trackman or section-master was not a fellow-servant of the plaintiff's intestate. (*Galveston, etc. R. R. Co.* v. *Smith,* 76 Tex. 611; 18 Am. St. Rep. 78.) Whether he was or not depended entirely upon the facts to be elicited upon the trial. If at the time of the accident the trackman and section-master were engaged in looking after and removing obstructions from the road, caused by the recent storm, and the plaintiff's intestate constituted one of the trainmen engaged in the same service, or in repairing the road, or removing obstructions therefrom, then, as to such service, the trainmen, trackman, and section-master were fellow-servants, and if one or more

of such fellow-servants were negligent, whereby another was injured, there can be no recovery.

To avoid misconception, a single observation in relation to instruction numbered seven seems to be necessary. It is as to the effect to be given to the knowledge of the obstruction acquired by the trackmen or section-master on the fifteenth of January, the day before the accident. There is evidence tending to prove that these persons saw the slide that caused the injury on that day, and communicated the fact to the section foreman the same evening. If such were the fact, he was bound to communicate the information to those in charge of the repair, or any other train attempting to pass over the road; and a failure to do so would subject the defendant to liability independent of anything that has been already said. This must be so on principle. The evidence does not disclose the exact nature of the duties imposed on the section foreman by the master, but it may be safely assumed that in part at least they were to look after obstructions on the track, and to cause the same to be removed as soon as possible after it should come to his knowledge. If these were his duties, then as to such duties he represented the master.

The other error assigned is as to the measure of damages, which, involving the same questions determined in *Carlson v. O. S. L. etc. Co.*, decided at this term, *ante*, 450, need no further examination here.

The judgment must be affirmed.