GRANT ET AL. v. MILAM.

No. 1945. Okla. T. Opinion Filed April 13, 1908.

(95 Pac. 424.)

1.     FRAUDS, STATUTE OF—Receipt of Goods. Under the fourth subdivision of section 780, Wilson's Rev. & Ann. St. Okla. 1903, a contract for the sale and purchase of a quantity of corn of a value not less than $50, of which no note or memorandum is made, in writing, is not enforceable; and the vendee cannot be required to pay for any of such corn delivered, except such as he accepts or receives.

2.     APPEAL—Review—Evidence—Conflict. Where there is a direct conflict in the evidence presented, and the trial court fairly submits the issues raised by the pleadings and the theories advanced by the parties in its instructions to the jury, and there is any competent evidence to sustain the verdict, appellate courts will not weigh the same and reverse the judgment, as the jury is the proper party to determine such disputed facts.

3.     TRIAL—Instructions—Construed Together. It is not required that the entire law of the case shall be stated in a single instruction, and it is, therefore, not improper to state the law, as applicable to particular questions, or particular parts of the case in separate instructions, and if there is no conflict in the law as stated in different instructions, and all the instructions considered as a series present the law applicable to the case fully and accurately, it is sufficient.

4.    **SALE—Action for Price—Pleadings—Evidence.**   Where in a case
the petition alleges the sale, purchase, delivery, and receipt of
a quantity of corn, and the answer is a general denial, it is not
error to exclude evidence of the inferior quality of some of the
corn delivered and received.

(Syllabus by the Court.)

*Error from District Court, Pawnee County; before Bayard T.
Hainer, Judge.*

Action on contract for sale of goods by J. H. Milam against
T. M. Grant and Frank Hudson.   Judgment for plaintiff, and de-
fendants bring error.   Affirmed.

November 24, 1903, J. H. Milam, who will hereafter be de-
nominated "plaintiff," filed his petition in the district court of
Pawnee county, Okla. T., against T. M. Grant and Frank Hudson,
individually and as partners in which it was alleged that in the
month of July, 1903, they entered into a verbal contract whereby
plaintiff agreed to sell, and defendants agreed to buy, all of the
corn which the plaintiff then owned, which by the terms of the said
contract and agreement was to be delivered by plaintiff on the
cars at Skedee; that d'efendants agreed to pay a stipulated price for
the said corn; that plaintiff sold and delivered, and the defendants
received of plaintiff, the corn; that the total value of the corn
delivered by plaintiff and received by defendants was $4,749.63, on
which there was a balance due of $1,911.48, for which, with his
costs, plaintiff prayed judgment.   To this petition defendants filed
the following answer:

"Answering plaintiff's petition herein, these defendants deny
each and every allegation in said petition contained."

Upon the issues thus framed, the cause was submitted to a
jury, which found in favor of plaintiff in accordance with the
prayer of his petition.   A motion for new trial being filed and over-
ruled, the case is before us on petition in error.

*Biddison & Eagleton,* and *Dale & Bierer,* for plaintiffs in error.

*Wrightsman & Diggs,* for defendant in error.

DUNN, J. (after stating the facts as above). The plaintiff in this case pleads that he sold and delivered, and that defendants accepted from him under a parol. contract, a certain quantity of corn. The defendants filed, as answer, simply a general denial. These pleadings made the issue which was submitted to a jury. Evidence was offered by both parties, and is conflicting in the extreme.

The plaintiff and his witnesses testified that he was a farmer living near the town of Skedee, Okla. T., and having a quantity of corn, something in excess of 10,000 bushels, which he desired to sell, he met defendant Grant in the month of July, 1903, in the city of Pawnee, and sold him 10,000 bushels or more. That he "was to shell the corn and put it on the track at Skedee." That he delivered all the corn as contracted for, putting it into the cars furnished him by the defendants or by their agent, located at Skedee, with the exception of one car load, which, owing to the lack of a car at the shipping point at the time the corn was loaded on the wagons ready to be placed in the car, was hauled to Pawnee and delivered to and received by the defendants at that place. That all the corn shipped was loaded into cars billed in the name of defendants by their agent at Skedee, two of them to Pawnee, one to Guthrie, and three to Purcell, to parties whose names were furnished plaintiff by the defendants, all of which plaintiff testified was in accordance with their agreement. That on one occasion the defendant Grant was at Skedee while the corn was being loaded, and two witnesses testify that he examined the corn and made the remark, "that he thought the corn would lose him some money when he bought it, but he believed that it would save him a dollar or two now, or save him something." Plaintiff claimed that all of the corn sold, involved in this suit, was sold by him to the defendants; that he sold none of it to any one else, and that de-

fendants received it. Defendants, on the other hand, show by their evidence that they did not purchase the corn from plaintiff, but simply agreed to find him buyers for his corn; that they were not responsible for its having been billed out of Skedee in their names; that their agent at Skedee had no authority to receive any of this corn for them; that they aided plaintiff in getting cars and placing this corn merely as an act of accommodation and without charge; that they bought and paid him for some of this corn, using it themselves, but that it was on a separate and distinct contract from the one pleaded by plaintiff; that they paid him for all they received and did not owe him anything on the three cars shipped to Purcell, or any balance created otherwise.

Our statute provides (Wilson's Rev. & Ann. St. 1903, § 780) that:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or by his agent: * * * An agreement for the sale of goods, * * * at a price not less than fifty dollars, unless the buyer accept or receive part of such goods and chattels. * * *"

The contract being, then, within the statute of frauds, could not have been enforced by the plaintiff or the defendant, nor could any damages or obligations have been predicated upon its breach by either of the parties unless a part of the goods were delivered by the plaintiff and received by the defendant. The question raised in the case at bar was whether or not, conceding the goods to have been sold and delivered by the plaintiff, they were received by the defendant. For a mere delivery by plaintiff will not suffice to take the case out of the statute; there must be a receipt by the vendee. *Jamison v. Simon*, 68 Cal. 17, 8 Pac. 502; *Stone v. Browning*, 68 N. Y. 598; *Shepherd v. Pressey*, 32 N. H. 49; *Dinnie v. Johnson*, 8 N. D. 153, 77 N. W. 612; *Jones v. Mechanics' Bank of Baltimore*, 29 Md. 287, 96 Am. Dec. 533.

As is shown above, in a recitation of the proof offered by the parties, there was a direct conflict in the evidence submitted to the

jury on this question, and in cases of this character the law is well settled that where there is a conflict in the evidence, and the trial court fairly submits the issues raised by the pleadings, and the theories presented by the evidence in its instructions to the jury, if there is any competent evidence to support the verdict, appellate courts will not weigh the evidence and reverse the judgment, for that the verdict in the estimation of such court may not be in accordance with the weight of the evidence nor such as the court itself would have rendered. For, as was said by Judge Caldwell in the case of *Gulf, C. & S. F. Ry. Co. v. Ellis,* 54 Fed. 481, 4 C. C. A. 454:

"In common-law actions tried to a jury this court cannot review or retry the facts. If there is any evidence, direct or circumstantial, fairly tending to support the verdict, it must stand. Every presumption is in its favor, and all doubts must be resolved in its favor. This court will not weigh nor balance the evidence. * * * It was because the people thought the judges were poor judges of the facts that they committed their decision to a jury. Undoubtedly juries sometimes err in deciding the facts, but their errors are trifling in number and extent compared with the errors of the judges in deciding the law. The numerous appellate courts of the country are engaged principally in correcting their own and the errors of other courts on questions of law. The mistakes of juries take up very little space, comparatively, in the enormous volume of law reports with which the country is being deluged. In their deliberations upon the facts of the case they are at liberty to exercise their common sense and practical experience and knowledge of human affairs, untrammeled by the excessive subtility, over-refinement, and the hair-splitting of the schoolmen which have crept into the administration of the law by the courts to such an extent as to sometimes bring it into reproach. It is not by such modes of reasoning that the soundness of a verdict of a jury is to be tested. It is not, therefore, any ground for disturbing the verdict of a jury that the court would not have rendered such a verdict. It must appear that all reasonable men would agree that it was not supported by the evidence, and should be annulled. The constitutional right of the citizen to have the facts of his case tried by a jury must not be encroached upon by the courts under any pretext."

In the case at bar, the defendants and their witnesses testified

fully and denied specifically the evidence given to support the contract alleged in plaintiff's petition; denied that they bought the corn from the plaintiff, and that they ever received it under the contract pleaded. This having been submitted to the jury, and it with all the parties, witnesses, and evidence before it having found in favor of the plaintiff, and this court not being able to say that there is no "evidence direct or circumstantial fairly tending to support the verdict, it must stand."

The question now arises, were the theories of the parties fairly submitted to the jury by the instructions? Defendants in their brief insist that they were not, and quote instruction No. 5, and contend that under it the jury was authorized to find in favor of plaintiff and against the defendant on the sole ground that if the jury found that the plaintiff "did deliver the corn as therein alleged to the defendants, or the defendants' duly authorized agents, then the plaintiff would be entitled to recover," and argue that under this instruction the jury were authorized to find against the defendants, without reference to the question of whether the defendant ever received any of the corn or not, and that without such receipt the contract would be invalid under the statute of frauds. Instruction No. 5 is as follows:

"You are instructed that if you find from the evidence in this case that on the —— day of July, 1903, the plaintiff and defendants entered into a verbal contract, as alleged in the plaintiff's petition, for the sale and purchase of a certain quantity of corn, as therein stipulated, upon the delivery of said corn, and that pursuant to said agreement the said plaintiff complied with the terms and conditions of said contract, and did deliver the corn as therein alleged to the defendants, or the defendants' duly authorized agents, then the plaintiff would be entitled to recover for such sum as still remains due and unpaid upon said contract."

It will be noticed from the reading of it that it deals almost entirely with the duty of the plaintiff in this case; that is, that it was the plaintiff's duty, under his contract, to deliver the corn to the defendants. It does not undertake to specify any duty on the part of the defendants. This duty, however, was dealt with con-

pletely, and the claim and contention of defendants covered in instructions Nos. 6 and 8, which are as follows:

"If you find from the evidence that the corn was delivered to the defendants' agent at Skedee, and that the same was put on the cars at that point, and the same was received by the defendants, as alleged in the plaintiff's petition, then that would constitute a sufficient delivery, unless you find from the evidence that there was no contract between the parties to purchase the corn in question, but that the defendants were merely doing this as an accommodation for the plaintiff, and not for the use and benefit of the defendants, but merely acting as the agents of the plaintiff and performing these things as a matter purely of accommodation."

"If you find from the evidence that the defendants did not agree to take any stipulated amount or quantity of corn, but the question was left open as to the quantity of the corn that was to be sold and delivered—that is, if there was no stipulated quantity agreed upon—then, of course, the defendants would be only liable for such quantity of corn or grain as they actually received and as was delivered to them. They would not be bound to receive more corn than they desired to, if there was no fixed and determinate contract as to the quantity of the corn to be received. In this case the plaintiff claims that he was to deliver all of his corn; that is over 10,000 bushels. If you find from the evidence that that was the agreement, that he was to deliver 10,000 bushels or more, and that he actually did deliver that quantity of corn to the defendants at the price stipulated in the plaintiff's petition, and that the full amount has not been paid, as alleged in the plaintiff's petition, then the plaintiff would be entitled to recover whatever balance is still due and owing upon the contract."

These instructions so explain and so modify the fifth instruction that in our judgment the jury could not have been misled by it.

Each separate instruction in a case need not embody every fact or element essential to sustain or defeat an action. Each separate instruction need not cover the entire case, provided there is no conflict in the law as stated, and the different instructions considered as a whole fairly present the law of the case. *A. T. & S .F. Ry. Co. v. Marks*, 11 Okla. 82. 65 Pac. 996; 11 Ency. Law

& Proc. 288 *et seq.;* Blashfield's Instructions to Juries, §§ 61 and 385; *Chicago & E. R. R. Co. v. Hines, Adm'x,* 132 Ill. 161, 23 N. E. 1021, 22 Am. St. Rep. 515; *Wellman v. Oregon Short Line Ry. Co.,* 21 Or. 530, 28 Pac. 625.

Mr. Blashfield in his work on Instructions to Juries, § 61, speaks as follows:

"It is not necessary that every instruction should have embodied in it every fact of element essential to sustain the action, or that it should negative matters of defense. A single instruction need not cover the entire case. 'It is not required that the entire law of the case shall be stated in a single instruction, and it is, therefore, not improper to state the law as applicable to particular questions, or particular parts of the case, in separate instructions; and if there is no conflict in the law as stated in different instructions, and all the instructions, considered as a series, present the law applicable to the case fully and accurately, it is sufficient.'"

Also to the same effect is section 385:

"Instructions are to be considered together, to the end that they may be properly understood; and if, when so construed, and as a whole, they fairly state the law applicable to the evidence, there is no available error in giving them, although detached sentences, or separate charges, considered alone, may be erroneous or misleading."

This rule is supported by many authorities, among which may be noted *Wellman v. Oregon Short Line Ry. Co., supra.* The court in the syllabus holds as follows:

"In determining whether there is error in the instructions to the jury, the whole charge will be considered together; and if it appear that the case has been placed fully, fairly, and properly before the jury by the entire charge the judgment will not be reserved, although it may appear that some one instruction taken by itself may not be entirely correct."

Defendants call attention to the sixth and eighth request made on their part, and except to a refusal of the court in giving them; but a careful reading of the instructions requested, and of the instructions given, taken in conjunction with the evidence, con-

vinces us that while those given present the propositions with less detail, still, it seems to us, just as fully and as fairly. Such is the holding in the case of *A., T. & S. F. Ry. Co. v. Marks, supra*:

"The refusal of the court to give an instruction which properly states the law is not reversible error if practically the same proposition of law is stated by the court to the jury in other instructions given, and if the charge of the court to the jury, as a whole, clearly states the law."

There is evidence to show that the planitiff shipped three cars of corn to Purcell, and as he states, "to wind up a car," he put in practically a half car load of corn which he procured elsewhere. Execution it taken by defendants to being charged with this extra corn as not within the contract pleaded on which plaintiff relied. The court did not instruct the jury specifically in reference to it, and defendants made no request for instructions in reference to it, but the instructions, as will be observed, fully cover the question of the receipt of the corn shipped by plaintiff and received by defendants in order to charge them with the liability, and, as the jury found on the evidence that defendants received this corn, there is no error in defendants being required to pay for it.

Certain depositions were offered in evidence to show that some of the corn alleged to have been sold under the contract pleaded was of an inferior quality, but, as the quality of the corn was not in the issues, the exclusion of the same was not error. The plaintiff had no notice by the answer of defendants that any reliance would be placed upon the corn not coming to grade, and, in the absence of such allegation in the answer as would make such evidence relevant, it was not error to exclude it.

There appearing no error in the record, the judgment of the lower court is affirmed.

All the Justices concur.