## WM. CAMERON & CO. v. HENDERSON.

No. 3355.   Opinion Filed April 14, 1914.

(140 Pac. 404.)

1. **EVIDENCE—Sufficiency—Demurrer.** Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled.

2. **TRIAL—Demurrer to Evidence.** It is a well settled rule that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may be reasonably and logically drawn from the evidence.

(Syllabus by the Court.)

*Error from District Court, Greer County;*
*G. A. Brown, Judge.*

Action by Wm. Cameron & Company against B. B. Henderson. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

This is a proceeding in error from the district court of Greer county wherein plaintiff in error, plaintiff below, alleges that it furnished the lumber and other material to be used in the erection of improvements upon some raw land owned by Arthur Boone at the time the lumber was furnished; that the contract for the material was made with Arthur Boone, and the lumber hauled by him to his place (being the land described), and it was used in the erection of the buildings; the land being the W. ½ and

S. E. ¼ of the S. W. ¼ of the S. W. ¼ of the N. W. ¼ of section 5, township 4, north of range 23 west, I. M.; and to foreclose a materialman's lien thereon.

A disposal of one of the questions presented disposes of the case, and that is the first assignment of error raised by the plaintiff in error, which is that the court erred in sustaining the demurrer of said defendant to the evidence submitted by plaintiff in error.

The case was brought against Arthur Boone, the original owner of the land and to whom the material was furnished, and Henderson, who afterwards purchased the land. At the trial, after plaintiff rested its case, the defendant R. B. Henderson demurred to the sufficiency of the evidence in this case, and after the court announced that it would sustain the demurrer, plaintiff's counsel asked to withdraw their announcement for trial for the purpose of getting other testimony, to which the court said it did not have the time and that "we cannot wait for you," and then upon plaintiff's motion to take a nonsuit the court, over the objections of defendant, permitted plaintiff to take a nonsuit. Subsequently, the plaintiff's motion to re-instate said cause was heard by the court and said motion was granted, to which the defendant Henderson excepted. Whereupon the court, after permitting said cause to be re-instated, sustained the defendant's motion for judgment as to him, and gave judgment for plaintiff against Arthur Boone. This proceeding was had upon the action of the court sustaining the demurrer to the evidence without a hearing upon the merits.

The evidence submitted by plaintiff is set forth in plaintiff's brief, and the same is not disputed or traversed in the brief of defendant in error, but the issue, raised by defendant in error in support of the court's action in sustaining the demurrer to the evidence of plaintiff, is that the evidence is not sufficient to prove that the material furnished was actually used in the construction of the buildings upon the land in question. This seems to have been the basis of the court's action in sustaining the demurrer to the evidence of plaintiff and rendering judgment for the defendant Henderson.

*J. A. Powers* and *Percy Powers,* for plaintiff in error.

*J. L. Carpenter* and *Eagin & Eagin,* for defendant in error.

RUSSELL, J. (after stating facts as above). We have carefully examined the evidence offered, and, it being uncontradicted, it is our opinion that it is sufficient to show that the material that was furnished was furnished for the purpose of constructing said buildings, and that the same was used in the construction of said buildings.

In *Clark et al. v. O'Toole et al.,* 20 Okla. (loc. cit.) 326, 94 Pac. 547, Justice Turner, with authorities sustaining this position, says:

"It is a well-settled rule that 'a demurrer to the evidence admits all the facts which the evidence tends to prove or of which there is any evidence, however slight, and all inferences which can be logically and reasonably drawn from the evidence.'"

The same rule is announced at page 634, 20 Okla., that a demurrer to the evidence admits all the facts which the evidence, in the slightest degree, tends to prove, and all inferences or conclusions that may be reasonably and logically drawn from the evidence.

It is a settled rule that where the *testimony* introduced by a plaintiff, whose petition states facts sufficient to constitute a cause of action, in support of the petition tends to establish every material fact alleged, a demurrer to the evidence should be overruled.

The evidence in the case at bar not only proves that the lumber was sold to Boone, but shows that it was bought to build houses on the place in question, and it was testified by Boone that the lumber was furnished to improve the place (meaning the place in question), and furnished to him at his request, and with the evidence of the salesman and attendant circumstances, the inevitable and logical conclusion is that the material was used in the construction of the house. This being the legal inference drawn from the evidence, the demurrer should have been overruled. There is absolutely nothing in the evidence from which

any other inference or conclusion could be drawn but that the material was used in the buildings.

We hold that the district court erred in sustaining the demurrer to the evidence and rendering judgment for R. B. Henderson, and for these reasons the cause is reversed and remanded.

All the Justices concur.