## MISSOURI, O. & G. RY. CO. v. SMITH.

No. 5063.    Opinion Filed January 24, 1916.

(155 Pac. 233.)

1. **CARRIERS—Injury to Passenger—Petition—Notice of Defects.** A petition that states with particularity that a railroad company had negligently permitted the floor of one of its passenger cars to become in a dangerous condition, and that by reason of said dangerous condition, the facts of which are detailed, the plaintiff was injured while a passenger on said car, without negligence on his part, states facts sufficient to constitute a cause of action, without stating in terms that the railroad company had knowledge of the dangerous condition, either actual or implied; and proof of notice or of facts that will impute notice may be made thereunder.

2. **TRIAL—Demurrer to Evidence—Pleading.** Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled.

3. **EVIDENCE—When Sufficient to Sustain Judgment.** The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove either directly or immediately, or by permissible inference, the essential facts.

4. **FLOOR OF PASSENGER COACH—Duty of Carrier. Quaere:** The question as to whether a railroad company is required under the law to use only ordinary care and diligence to keep the floor of its passenger coach in a reasonably safe condition for its passengers, or a higher degree of care, is not considered.

5. **APPEAL AND ERROR—Harmless Error—Instructions—Verbal Inaccuracy.** An instruction which contains a verbal inaccuracy will not be sufficient to invalidate a verdict where it is apparent that the jury could not have been misled thereby.

6. **TRIAL—Construing Entire Charge—Instructions.** Although an instruction given may misstate the law, if others are given which, when taken together with the improper one, make it apparent that the jury was not misled thereby, the same will not constitute reversible error.

7. **DAMAGES—Personal Injuries—Instructions—Future Pain.** The instruction on measure of damages **held** to be good, following **Midland Valley Railroad Company v. Hilliard**, 46 Okla. 391, 148 Pac. 1001.

8. **NEW TRIAL — Affidavits of Jurors — Impeachment of Verdict.** The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification: That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial, or in the jury room, which does not essentially inhere in the verdict itself, as that the jury considered and were influenced by specific evidence that had not been offered or admitted at the trial; but such evidence is not admissible to show any matter which essentially inheres in the verdict, as that the juror did not assent to the verdict, that he misunderstood the instructions, or any other matter resting alone in the juror's breast.

9. **APPEAL AND ERROR—Harmless Error—Exclusion of Evidence —Motion for New Trial.** Although the trial court committed error in striking from the record and refusing to consider the testimony of jurors as to conduct of a fellow juror in the jury room in the presence of the other jurors, yet when it is apparent that the party complaining could not have been prejudiced by the conduct, the appellate court will not reverse the case on account of such error.

(Syllabus by Brown, C.)

*Error from District Court, Pontotoc County;*

*Tom D. McKeown, Judge.*

Action by Pleas E. Smith against the Missouri, Oklahoma & Gulf Railway Company, to recover damages for personal injuries. Judgment for plaintiff, and defendant brings error. Affirmed.

E. R. Jones and J. C. Wilhoit (Arthur Miller, of counsel), for plaintiff in error.

Bullock & Kerr, for defendant in error.

Opinion by BROWN, C.  The defendant in error will be hereinafter called the plaintiff, and the plaintiff in error will be hereinafter called the defendant, in accord with their respective titles in the trial court.

The plaintiff recovered judgment against the defendant for $875 for personal injuries which he claims he received by slipping and falling on one of the defendant's cars while he was a passenger thereon traveling from Wapanucka to Durant, Okla.; said defendant being a railroad company and a common carrier of passengers for hire.

The first assignment of error raises the question as to the sufficiency of the plaintiff's petition as against a general demurrer and objection to the introduction of evidence.  The action is to recover damages proximately resulting from the negligence of the defendant in permitting refuse matter to accumulate upon the floor of its smoking car, and also in permitting the floor to become wet, slippery, and dangerous to walk upon; it being contended that the following allegations in the petition do not charge the defendant with actual or constructive notice of the condition of the floor of the car:

"This plaintiff in passing from one part of the passenger coach in which he was seated, to another part of said train, as he had a right to do, slipped upon a portion of the floor of said passenger coach between the seats on each side where the defendant had negligently and wrongfully permitted and allowed refuse matter of a slimy, slippery nature to accumulate, and had negligently

and wrongfully permitted to become wet and slippery and unsafe to walk upon," etc.

Inasmuch as the plaintiff seeks to recover in this action by reason of the negligence of the defendant in permitting a certain condition to exist, the contention of the defendant, that before it could be considered negligent, it would be necessary for it to have notice, either actual or constructive, of such condition, is sound, for a person, natural or otherwise, could not be held responsible for permitting a condition to exist of which he had no notice. The petition charges that the defendant "negligently" permitted the things complained of to be done. Since there can be no negligence in permitting a thing to be done without notice, either actual or constructive, by the use of the term "negligence" in the petition, the pleader clearly charged by implication that the defendant had notice, and in making the proof in the case under the petition, the plaintiff, before he could establish negligence, would be bound to prove that the defendant had either actual or constructive notice of the condition; consequently we think the petition is good as against a general demurrer and objection to the introduction of evidence on the ground that the petition does not state facts sufficient to constitute a cause of acion. This view is supported by a number of well-considered cases by this court, in which the identical question was passed upon. *Town of Sallisaw v. Ritter,* 42 Okla. 626, 142 Pac. 391; *City of Guthrie v. Finch,* 13 Okla. 496, 75 Pac. 288; *City of Woodward v. Bowder,* 46 Okla. 505, 149 Pac. 138. See, also, *Pullen v. City of Butte,* 38 Mont. 194, 99 Pac. 290, 21 L. R. A. (N. S.) 42; *Gibson v. Chicago, M. & P. S. Ry. Co.,* 61 Wash. 639, 112 Pac. 919; *McLeod v. Chicago, M. & P. S. Ry. Co.,* 65 Wash. 62, 117 Pac. 749, and cases

cited; *Stephenson v. S. P. Co.,* 102 Cal. 143, 34 Pac. 618, 36 Pac. 407.

The defendant claims that the court erred in not sustaining its demurrer to the evidence at the conclusion of plaintiff's evidence, and bases its contention upon the ground that there was no evidence whatever to show that the floor of the car had been in the condition complained of for any length of time, or that any employee of the defendant had been in the car after the same became in the condition as testified to by the witnesses. This contention is not borne out by the record in the case; the evidence on the part of the plaintiff tends to show that this condition of the car existed at Wapanucka, Okla., and the injury occurred after the train had been running from Wapanucka towards Durant for about one hour. The evidence also tends to show that the conductor and porter passed through the car and by the place where it is alleged the plaintiff was injured, after the train left Wapanucka and before the injury occurred.

In the case of *William Cameron & Co. v. Henderson,* 40 Okla. 648, 140 Pac. 404, the law governing demurrers to the evidence is very clearly stated in the syllabus as follows:

"Where the evidence is sufficient to reasonably tend to support the allegations of a petition that states a cause of action, a demurrer to such evidence should be overruled."

"It is a well-settled rule that a demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove and all inferences or conclusions that may be reasonably and logically drawn from the evidence."

Measuring the evidence in the instant case by the foregoing rule, we think the trial court was clearly justified in overruling the defendant's demurrer to the same.

It is urged that the verdict of the jury is not sustained by the evidence, but what we said on the demurrer to the evidence we think is sufficient to dispose of this contention. However, we will call attention to the following rule, which has been announced by the authorities:

"The evidence is sufficient to sustain a judgment if there is any evidence whatever reasonably tending to prove, either directly and immediately or by permissible inference, the essential facts." *Great Western Coal & Coke Co. v. Serbantas*, 50 Okla. 118, 150 Pac. 1042; *St. L. & S. F. R. R. Co. v. Brown*, 45 Okla. 143, 144 Pac. 1075.

Paragraph No. 4 of the court's instructions to the jury is as follows:

"The jury are instructed that if you believe from a fair preponderance of the evidence in this case that on the 2d day of September, 1910, that the plaintiff, Pleas E. Smith, entered one of the defendant's passenger trains at Wapanucka, Okla., for the purpose of taking passage on said train to Durant, Okla., and paid his fare to the conductor for said passage, and you further find and believe from a fair preponderance of the evidence that he was riding in the chair car and he went into the smoking car and that a portion of the floor between the seats in said smoking car became slippery and slimy, and you find and believe from a fair preponderance of the evidence that said condition of the floor was permitted by the servants and employees of the defendant to remain in said condition, and you find and believe from a fair preponderance of the evidence that the employees of the defendant company whose duty it was to observe and remove said slime from the floor of said car failed to use ordinary care in observing and removing the slime from the floor, and that said slippery and slimy condition

was dangerous to the safety of the passengers on said coach and that the plaintiff attempted to pass from the smoking car to the chair car, and if you find that in so doing he was not guilty of contributory negligence, and used ordinary care on his part, and he slipped and fell and was thereby injured as a result of the failure of the employees of the defendant company to observe and keep the coach in a safe condition for the use of the passengers, then and in that event you should find for the plaintiff."

The defendant complains of this instruction, and points out the following as the objectionable part of it:

"As a result of the failure of the employees of the defendant company to observe and keep the coach in a safe condition   *   *   *   "

—and urges that the court by this clause of the instruction made the defendant an insurer of the safety of its passenger coaches, when all that the law requires is that the defendant use ordinary care and diligence to keep the floor of the car in a reasonably safe condition.

It may be well to say here that inasmuch as this cause was tried in the trial court on the theory that the defendant was only required to use ordinary care and diligence to keep the floor of its passenger coach in a reasonably safe condition for its passengers, we shall not undertake to say whether or not there was any higher degree of care required of the defendant under the law toward its passengers; but assuming that the theory upon which the case was tried is correct, we shall content ourselves with examining the instruction with a view to determining whether or not it is open to the objection made by the defendant.

Assuming that the law only required the defendant to exercise ordinary care to keep the floors of its passenger

coaches in a reasonably safe condition, it is admitted by the defendant that the instruction properly stated the duty of the defendant toward its passengers in a preceding part of the same instruction, but it claims that the subsequent clause, of which it complains, enlarged the duty of the defendant to the plaintiff, and conflicts with its said previous statement, and that it is impossible to determine what part of the instruction the jury followed. We do not regard the instruction as a model, and, standing alone, it may be that the court would be justified in holding that it is technically wrong; but we fail to see where the defendant can reasonably claim that the jury was misled thereby, when we consider all of said instruction No. 4 in connection with all the other instructions that were given by the court.

The court told the jury in substance and effect in said instruction No. 4 that before the plaintiff could recover they must find from a preponderance of the evidence that the officers of said defendant company, whose duty it was to observe and remove said slime from the floor of said car, failed to use ordinary care in observing and removing, etc., and that said slimy and slippery condition was dangerous, * * * and as a result of the failure of the employees of the defendant company to observe and keep the coach in a safe condition, etc. The court in other instructions defined the meaning of the term "ordinary care" and "diligence," and advised the jury that before the plaintiff could recover they must find from a preponderance of the evidence that the defendant was guilty of negligence in the manner as stated in plaintiff's petition.

The court also told the jury in substance in its Instruction No. 8 that although they might believe that the condition of the floor of defendant's passenger coach was dangerous to passengers at the time plaintiff was injured, yet if said condition had not existed for a sufficient length of time to be observed and removed by the employees of the defendant company by the use of ordinary care, their verdict should be for the defendant.

In instruction No. 10 the court, at the request of the defendant, told the jury that unless they believed from the evidence introduced in the case that the employees of the defendant placed the water or slick and slimy substance upon the floor of the coach, or knew that the same was there, they should find for the defendant. Further, the court expressly instructed the jury that they should consider the instructions all together, and no portion to the exclusion of any other portion. Thus it will be observed that the court not only in said instruction No. 4 defined the duty of the defendant to the plaintiff, but it repeatedly in other instructions told the jury that before they could find for the plaintiff they must find from a preponderance of the evidence that the defendant failed to use "ordinary care" to keep the floor of the car in a reasonably safe condition.

In the case of *Snyder v. Stribling,* 18 Okla. 168, 89 Pac. 222, the law governing inaccuracies in instructions is very well expressed in the syllabus as follows:

"An instruction which contains a verbal inaccuracy will not be sufficient to invalidate a verdict where it is apparent that the jury could not have been misled thereby.

"Although an instruction given may misstate the law, if others are given which when taken together with the improper one make it apparent that the jury was not

misled thereby, the same will not constitute reversible error."

In the case of *Grant et al. v. Milam,* 20 Okla. 672, 95 Pac. 424, this court, speaking through Mr. Justice Dunn, in the course of the opinion, said:

" 'Instructions are to be considered together, to the end that they may be properly understood; and if, when so construed, and as a whole, they fairly state the law applicable to the evidence, there is no available error in giving them, although detached sentences, or separate charges, considered alone, may be erroneous or misleading.' (Blashfield Instructions to Jurors, sec. 385.) This rule is supported by many authorities, among which may be noted *Wellman v. Ore. S. L. Ry. Co., supra,* 21 Or. 530, 28 Pac. 625. The court in the syllabus holds as follows: 'In determining whether there is error in the instructions to the jury, the whole charge will be considered together; and if it appear that the case has been placed fully, fairly, and properly before the jury by the entire charge the judgment will not be reversed, although it may appear that some one instruction taken by itself may not be entirely correct.' "

Therefore we have no hesitancy in saying that although instruction No. 4 standing alone may be technically wrong, yet it is apparent from the record that the jury could not have been misled thereby. See, also, *Stumbo v. Duluth Zinc Co.,* 100 Mo. App. 63, 75 S. W. 185; *Mulligan v. Montana Union R. R. Co.,* 19 Mont. 135, 47 Pac. 795; *T. & N. O. R. R. Co. v. Black* (Tex. Civ. App.) 44 S. W. 673; *Johnson v. Boston & M. Cons. Copper & Silver Mining Co.,* 16 Mont. 164, 40 Pac. 298; *Great Western Coal & Coke Co. v. Serbantas, supra,* and authorities therein cited.

The defendant complains of the court's instruction No. 11. This is an instruction defining the measure of

damages; the part complained of is that part which authorizes damages for the loss of future earning capacity, and also for future pain and suffering. The defendant does not contend that damages may not be recovered for the loss of future earning capacity and for future pain and suffering, but says that before such a recovery can be had the evidence must be sufficient to enable the jury to say that such damages are reasonably certain to follow the injury, and that the court should so advise the jury. We agree with the defendant in this respect; so the only question left is whether or not the court in the instruction complained of limited the jury to such damages for loss of future earning capacity and for future pain and suffering as might be shown by the proof to be reasonably certain to follow the injury. This court, in the case of *Midland Valley R. R. Co. v. Hilliard*, 46 Okla. 391, 148 Pac. 1001, had under consideration an instruction that authorized the jury to give the plaintiff damages for future bodily pain and suffering, and the verbiage of that instruction, so far as it deals with the question of "reasonable certainty," is almost identical with that used in the instruction in the instant case, and the proof in that case which was the foundation for that part of the instruction is very similar to the proof in the case before us. Consequently, we deem it unnecessary to set out said instruction No. 11, but shall hold that the court committed no error therein, upon the reasoning and authority of *Midland Valley Railroad Company v. Hilliard, supra,* and authorities therein cited.

The defendant, in its motion for a new trial, sets up as one of its grounds for a new trial misconduct of the jury, and sought to show this misconduct only by the testimony of two of the jurors who returned the verdict.

The court permitted the jurors to testify, but upon motion of the plaintiff the testimony was stricken from the record by the court, and the court refused to consider it.

The conduct complained of was that one of the jurors exhibited one of his limbs, which, from the evidence, was somewhat similarly afflicted to that of the plaintiff's, and also stated to the jury the cause of the affliction. The trial court immediately struck the testimony from the record, on the ground that the testimony of jurors cannot be used to impeach and overthrow their verdict. In the case of *Carter State Bank v. Ross,* 52 Okla. 642, 152 Pac. 1113, the following rule is announced:

"The general rule is that affidavits of jurors are admissible to explain and uphold their verdict, but not to impeach and overthrow it. But this general rule is subject to this qualification: That affidavits of jurors may be received for the purpose of avoiding a verdict, to show any matter occurring during the trial, or in the jury room, which does not essentially inhere in the verdict itself, as that the jury considered and were influenced by specific evidence that had not been offered or admitted at the trial," but such evidence is not admissible to show any matter which essentially inheres "in the verdict, as that the juror did not assent to the verdict; that he misunderstood the instructions, or any other matter resting alone in the juror's breast."

Hence the trial court was in error in holding that the evidence was incompetent; but the defendant has wholly failed to even make a suggestion as to how this conduct of the juror worked to its prejudice, and we, being unable to see how the defendant could have been prejudiced thereby, find that there was no such error as would require a reversal of the cause.

From a careful examination of the record we are convinced that there was no such error as would warrant a reversal of this case.

The judgment should be affirmed.

By the Court: It is so ordered.