All the Justices concurring.

---

THE ST. LOUIS, FORT SCOTT & WICHITA RAILROAD COMPANY v. J. PAUL GROVE.

1. RAILROAD COMPANY—*Attorney Employed by General Manager.* Where the general manager of a railroad company retains a practicing attorney to attend to the legal business for the company, the company is liable for the services of the attorney, unless the general manager had no authority to make the employment, and the attorney knew or might have known by using ordinary diligence, that he had no such authority.

2. PAYMENT, *Not to be Proven Under General Denial, When.* In an action brought by the plaintiff — an attorney — for the value of his

services, the facts constituting his claim were fully stated in detail. The answer was a general denial only. *Held,* That payment of the services sued for could not be proved under the issue as presented. (*Stevens v. Thompson,* 5 Kas. 305.)

*Error from Harper District Court.*

ON September 4, 1885, *J. Paul Grove* brought this action against *The St. Louis, Fort Scott & Wichita Railroad Company,* to recover the sum of $400 alleged to be due him as a retainer, and for certain legal services performed by him for the company in sixteen different actions in matters arising out of condemnation proceedings of land in Harper county, taken for right-of-way in building the railroad of the company. The petition among other things alleged:

"4. That for said employment and retainer as aforesaid, defendant agreed and contracted with plaintiff to pay the sum and value that such services were worth.

"5. That plaintiff was the attorney and counselor of defendant in the said suits, was faithful and diligent, and performed all the duties required of him by and for said defendant faithfully and in a skillful manner.

"6. That the value of plaintiff's services and retainer by virtue of said employment was reasonably worth the sum of twenty-five dollars in each of said actions above described, and the total sum of four hundred dollars.

"7. That there is now due and unpaid from defendant to plaintiff the said sum of $400, with interest thereon from May 1, 1885, at the rate of seven per cent. per annum, as is more fully and specifically shown by an itemized statement of account hereto attached, marked 'Exhibit A,' and made a part of this petition; and the defendant, though requested so to do, has utterly failed, neglected and refused and still refuses to pay the same.

"8. Wherefore, plaintiff prays for judgment against defendant for the sum of four hundred dollars, with interest thereon from May 1, 1885, at seven per cent. per annum, and for costs of suit." [Copy of account omitted.]

On November 10, 1885, the defendant filed the following answer, omitting caption:

"Comes now defendant, and for answer to the plaintiff's petition filed in this action, denies each and every allegation

contained in the same. Defendant demands judgment for costs."

Trial had October 22, 1886, before the court with a jury. After all the evidence in the case had been introduced, the railroad company asked the court to instruct the jury as follows:

"The jury, to enable the defendant to recover in this case, must find from the testimony he was employed by some one authorized to make such employment.

"If you find that the firm of Grove & Shepard were employed as a firm, and Mr. Shepard made a settlement for the compensation for such employment and received payment therefor, plaintiff cannot recover in this case."

The instructions were refused, and to such refusal the company excepted.

Subsequently the trial court charged the jury, but no exceptions were taken thereto. The jury found for the plaintiff, and assessed the amount of his recovery at $375 principal, and $29.75 interest; total, $404.75. On October 23, the railroad company filed the following motion:

"The defendant moves the court to set aside the verdict returned by the jury in this case, and arrest the judgment and grant a new trial, for the following reasons, to wit:

"1. Because the verdict is not sustained by the evidence given on the trial of the case.

"2. Because the verdict is contrary to the evidence on the trial of the case.

"3. Because the instructions to the jury were contrary to the law of the case.

"4. Because the instructions asked by the defendant, and refused by the court, are the law governing the case, and should have been given by the court."

This motion was overruled by the court,, the company excepting. Subsequently, judgment was rendered upon the verdict in favor of the plaintiff for $404.75, together with all the costs in the case. The *Railroad Company* excepted to the judgment, and brings the case here.

*Richards & Benton,* for plaintiff in error.

*Shepard, Grove & Shepard,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by J. Paul Grove against the St. Louis, Fort Scott & Wichita Railroad Company to recover $400, the value of his services as an attorney, in being retained and in attending to sixteen condemnation cases which were at one time pending in the district court of Harper county. The railroad company answered by a general denial to the petition.

A large part of the brief of the attorneys for the railroad company discusses alleged errors of the court in rejecting and admitting testimony, and in instructing the jury. The railroad company did not urge in its motion for a new trial as a reason for setting aside the verdict, the rejection or admission of testimony; consequently that error, if any, was waived. (*Nesbit v. Hines,* 17 Kas. 316; *Decker v. House,* 30 id. 614.)

Again, the railroad company failed to take any exceptions to the instructions given, and thereby waived all errors of law, if any, therein. (*City of Wyandotte v. Noble,* 8 Kas. 445; *Jarrett v. Apple,* 31 id. 693.)

We have read the record, and find there is sufficient evidence to sustain the verdict and judgment. Grove testified, among other things, that he had been a practicing attorney in Harper county for over eight years; that in November or December, 1884, after the commissioners had been appointed to condemn the right-of-way for the railroad company, he was retained and employed by I. B. Forbes, the right-of-way agent of the company, to assist in the condemnation cases for the company; that he was employed by Forbes in each of the cases likely to arise in the condemnation proceedings in the county from the northeast line of the county, and nothing was said to him about the price; that he agreed with Forbes he would act for the company; that he did so act, and subsequently performed all the services requested, and those services were reasonably worth $25 in each case; that there were sixteen cases in all; that Forbes told him he had been

authorized by Miller, the vice president of the company, to retain and employ him.

R. B. Shepard testified, among other things, that he was the local attorney for the railroad company for Harper county, and that he understood that Grove was to be employed also.

I. B. Forbes testified, among other things, that he resided in Anthony, in Harper county; that he was employed as right-of-way agent for the railroad company in June, 1884, and continued in the service of the railroad company for eighteen months; that he suggested to Woods, the civil engineer of the railroad company, and Miller, the vice president of the company, that "it would be better to retain Grove, and also Shepard;" that Woods said to Miller, "We had better let Forbes do what he thinks best about it;" and Miller said "All right; Forbes can do whatever he thinks is best for the company, that if he thinks it is to the best interests of the company to retain Grove, he can do so;" that subsequently he came down and retained Grove to look after the condemnation proceedings. Forbes also testified that Miller was the general manager of the railroad company, in addition to being its vice president.

As the general manager of a railroad company has full control of all the company's affairs, and complete direction over its treasury, we must assume that Miller had authority to employ Grove, or direct Forbes to employ him. (*A. & P. Rld. Co. v. Reisner*, 18 Kas. 458; *A. & N. Rld. Co. v. Reecher*, 24 id. 228.)

This leaves for our consideration only the two instructions which were asked by the railroad company and refused by the court. The first instruction refused was substantially given by the court in its general instruction. The other instruction was properly refused, because no payment or settlement was alleged in the answer.

In this case, the facts constituting the plaintiff's claim were fully stated; and therefore it falls within the decision of *Stevens v. Thompson*, 5 Kas. 305. In that case it was decided, "When the petition states facts constituting the plaintiff's

claim, a general denial does not present an issue authorizing the defendant to make proof of payment."

The judgment of the district court must be affirmed.

All the Justices concurring.