(19 Misc. Rep. 152.)

### KNABE v. FLAMELESS GAS STOVE CO.

(Supreme Court, Appellate Term, First Department.  January 25, 1897.)

SALES—ACTION FOR PURCHASE PRICE—BREACH OF CONTRACT AS DEFENSE.
> Defendant cannot prove, under a general denial in an action for the purchase price of goods, that the goods were valueless because not of the quality ordered; but he should either have rescinded the sale or counterclaimed the damage by the breach of contract.

Appeal from Second district court.

Action by Henry Knabe, as assignee of James Gallagher & Sons, against the Flameless Gas Stove Company, to recover for goods

sold and delivered. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Adam E. Schatz, for appellant.

Hiram Ketchum, for respondent.

McADAM, J. The action is by the plaintiff, as assignee of the firm of James Gallagher & Sons, to recover a balance due for 12 bronze castings and 159 aluminium bronze castings manufactured and delivered to the defendant. The answer is a general denial. The president of the defendant gave a verbal order to the plaintiff's assignors for 12 composition bronze castings, and produced a pattern of the kind he wanted. They were manufactured, and proved satisfactory. Thereafter a second order was given, for the castings in suit, to be made of the same materials as those furnished on the first order, except that there should be added 4 per cent. of aluminium, to prevent tarnish. These were delivered to and accepted by the defendant. Pierson v. Crooks, 115 N. Y. 539, 22 N. Y. Supp. 349. The defense was that the castings furnished on the second order were useless, because their composition, irrespective of the aluminium added, was different from that of the first castings, and therefore they did not comply with the contract. The defendant undertook to prove the difference of composition by a government metallurgist, and the exclusion of a question to him on that point is assigned as error. The ruling was right. If the defendant intended to rely upon rescission, it ought to have returned the castings. Story, Sales, § 426; La Folette v. Noble, 13 Misc. Rep. 574, 34 N. Y. Supp. 955; Hallahan v. Webber, 7 App. Div. 122, 40 N. Y. Supp. 103. If it did not so intend, it ought to have treated the contract as one containing a warranty, and recouped as damages the difference between the actual value of the articles delivered, with all their defects, and what they would have been worth if they had conformed to the warranty. Story, Sales, § 454; 1 Sedg. Dam. (7th Ed.) 606; Bach v. Levy, 101 N. Y. 511, 5 N. E. 345; Baylies, Code Pl. 275, 276, and cases cited. It did not adopt either course, and is not in a position to complain of the ruling made.

Judgment affirmed, with costs. All concur.