## STANDARD FASHION CO. v. MORGAN.

No. 4630.    Opinion Filed June 15, 1915.

(149 Pac. 1160.)

1.   **JUSTICES OF THE PEACE—Pleading—Answer—Issues.** Under
the procedure in a justice court, the defendant is not required
to file an answer. If, however, he does file an answer, he is
governed by the ordinary rules of pleading, and he will be limited
to the issues joined.

2.   **SALES—Action for Price—Pleading—Breach of Warranty.** In
an action for the purchase price of goods, wares, and merchan-
dise, the defendant cannot prove, under a general denial, a
breach of warranty, but such breach of warranty must be spe-
cially pleaded.

(Syllabus by Rittenhouse, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by the Standard Fashion Company, a corpora-
tion, against J. M. Morgan.   Judgment for defendant, and
plaintiff brings error.   Reversed and remanded.

*Embry & Hastings,* for plaintiff in error.

*Grant Stanley,* for defendant in error.

Opinion by RITTENHOUSE, C.   In an action in a
justice court, it is unnecessary to file an answer, but if
defendant file an answer, he is governed by the ordinary
rules of pleading, and is limited to the issues so joined.
*Johnson v. Acme Harvesting Mach. Co.,* 24 Okla. 468,
103 Pac. 638.

This action was brought to recover the purchase price
of certain fashion patterns manufactured by the Standard

Fashion Company, and sold to defendant, J. M. Morgan, under a written contract of purchase. The petition alleges such written contract and an itemized statement of the patterns shipped under the contract. Defendant answered by general denial. On the trial defendant offered evidence, admitting that he had entered into the contract, and that plaintiff shipped in May of the same year a portion of the patterns and continued to make such shipments under the contract until in July; that during said time defendant did not notice whether or not they were the patterns listed in the monthly pamphlets and catalogues, but he continued to sell from the stock of patterns until about September 1st. The goods received after July 1st were returned to plaintiff on the ground that they were old-style patterns, and that those in stock were unsalable; all the patterns were checked over with the monthly pamphlets and catalogues, and from the testimony of defendant were found not to be listed therein. Objection was made to the introduction of this evidence on the ground that it was incompetent, irrelevant and immaterial, and on the further ground that evidence of a breach of warranty or contract could not be introduced under a pleading of general denial. The court erred in admitting evidence as to the breach of warranty, as such breach could not be proven under a general denial.

In Shipman's Common-Law Pleading (2d Ed.) p. 283:

" 'Non assumpsit' is the general issue in assumpsit, whether special or general, and is a formal denial of the express promise or contract alleged, or of the facts from which such promise may be legally implied. It denies only the inducement or statement of the plaintiff's right, and not the breach." Bates on Pleading and Practice, p. 2658; 1 Enc. Pleading & Practice, 816; 19 Enc. Pleading & Practice, 36; Stevens v. Thompson, 5 Kan. 305;

*St. L. Ft. S. & W. Ry. Co. v. Grove,* 39 Kan. 731,18 Pac. 958; *Barber Asphalt Co. v. Botsford,* 56 Kan. 532, 44 Pac. 3; *Grant v. Milam,* 20 Okla. 672, 95 Pac. 424; *Knabe v. Flameless Gas Stove Co.,* 19 Misc. Rep. 152, 43 N. Y. Supp. 205; *Lozier v. Hannan,* 12 Colo. App. 59, 54 Pac. 399; *Brush Elec. L. & P. Co. v. City Council of Montgomery,* 114 Ala. 433, 21 South. 960; *People v. Niagara Common Pleas,* 12 Wend. (N. Y.) 246.

The case should, therefore, be reversed and remanded for a new trial.

By the Court: It is so ordered.