## LAUREL OIL & GAS CO. v. ANTHONY.

No. 4160—Opinion Filed Jan. 2, 1917.

(162 Pac. 203.)

1. **Appeal and Error—Harmless Error—Instructions.**

It is not misleading, nor prejudicial to the rights of the defendant, for the trial court, in the introductory part or paragraph of its instructions, to state to the jury that the plaintiff "claims" certain facts stated to be true.

2. **Contracts—Action—General Denial—Affirmative Defense.**

Under the code procedure a general denial is equivalent to a plea of nul tiel contract at common law, and an affirmative defense cannot be sustained under such a plea.

3. **Appeal and Error—Judgment — Affirmance.**

Where, upon examination of the entire record, the plaintiff in error fails to show that the trial court committed error prejudicial to his substantial rights, and the evidence is sufficient to support the judgment, the case should be affirmed.

(Syllabus by Robberts, C.)

Error from District Court, Creek County; R. C. Allen, Special Judge.

Action by S. W. Anthony against the Laurel Oil & Gas Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

Virgil Hicks and Thompson & Smith, for plaintiff in error.

McDougal, Lattimore & Lytle, for defendant in error.

Opinion by ROBBERTS, C. It appears from the record in this case that on the 19th day of October,, 1907, S. W. Anthony, the defendant in error, entered into a written contract with one G. B. Harmon, wherein it was agreed, in substance, that said Anthony would drill a well for gas, and, in case gas was produced in sufficient quantities, that Harmon would connect with said well and market all the gas the well would produce, or as much as could be run through a two-inch pipe line, at not less than 5 cents per drilling foot, nor less than $5 per day, and a flat rate of not less than $2 per month for each stove connected with said line, and that he would furnish all his customers from said well, if product was sufficient, until the rock pressure falls below 100 pounds, and bear all expense in so doing, and also all expense of collecting for gas used by his customers from said well, and that he would, on the 10th day of each month, pay to the said Anthony 50. per cent. of the gross receipts obtained from selling gas from said well during the preceding month, the marketing of gas to begin within five days from the completion of the well.

For his cause of action, the plaintiff below alleges that said well was completed on or about the 10th day of December, 1907, and did then produce, and at all times since has produced, gas sufficient to fulfill said contract; that on or about the 1st day of May, 1908, Harmon transferred said contract to the plaintiff in error, Laurel Oil & Gas Company, a corporation, and said company assumed all the obligations of said Harmon in said contract, including the marketing of, and collection for, said gas; that said company, plaintiff in error, failed to keep and comply with the terms of said contract, in that "from the 1st day of May, 1908, said defendant marketed gas from said well amounting to the total value of $4,091.73; that of said amount defendant failed and neglected to collect the sum of $2,231.08, and which said amount could have been collected in the exercise of reasonable diligence; and said defendant failed and refused to pay plaintiff his share of said sum, by reason whereof plaintiff has been damaged in the sum of $1,115.50, which is due and owing to the plaintiff, and which defendant refuses to pay; that defendant has further failed and neglected to perform said contract, in that he collected from the sale of said gas, from May 1, 1908, to September 25, 1908, the sum of $1,860.08, but that defendant has failed and refused to pay the plaintiff $347.75, the share due the plaintiff out of said sum so collected, to plaintiff's damage in the sum of $347.75, which is due and owing to the plaintiff, and which defendant refuses to pay; that defendant has further failed and neglected to perform said contract, in that during the months of October and November, 1908, defendant refused to supply more than a small number of customers from said well, and failed and refused to render to plaintiff any account whatsoever of such sales, or to pay to plaintiff any sum whatsoever, by reason whereof plaintiff has been damaged in the sum of $1,000, which is due and owing to the plaintiff, and which defendant refuses to pay. Defendant has further failed and neglected to perform said contract, in that since December 1, 1908, defendant has failed and refused to accept and market any gas from said well, and has left plaintiff without any market for his gas, to plaintiff's damage in the sum of $2,500, which is due and owing to the plaintiff, and which defendant refuses to pay; and by reason of said defendant's failure to perform said con-

tract as aforesaid, plaintiff has been damaged in the total sum of $4,963.57, which sum is due and owing to the plaintiff, and which defendant refuses to pay"—for all which plaintiff prays judgment against the said defendant for said sum of $4,963.57, and interest at 6 per cent. from September 25, 1908.

To plaintiff's petition defendant company answered by general denial. The case was tried to a jury, which resulted in a verdict and judgment for plaintiff in the sum of $1,990, amount due on contract, and the further sum of $2,250 as damages for breach of contract. Defendant brings error.

To obtain a reversal as to the judgment for $2,250 as damages for breach of contract, counsel submit eight assignments of error, but in their brief present no argument in support of Nos. 1, 6, 7, or 8, and, under the rule, these assignments are waived.

In their argument, counsel first contend, under assignment No. 2, that the court committed error prejudicial to plaintiff in error in the introductory part of the charge, which is as follows:

"This is an action brought by S. W. Anthony, plaintiff, against the Laurel Oil & Gas Company, a corporation, defendant, to recover the sum of $4,963.57, which the plaintiff claims is due and owing from the defendant for gas furnished to the defendant and marketed by the defendant to its customers, under and pursuant to the agreement attached to plaintiff's petition, and which agreement has been introduced in evidence, and for damages sustained by the plaintiff for breach of contract by defendant disconnecting from the gas on or about December 1, 1908, to on or about October 1, 1909."

The objection made to this charge is that the court assumes that certain material facts are either true or proved, in this: That it states that plaintiff furnished the defendant gas, and that defendant marketed said gas to its customers, in pursuance of the agreement, and that the defendant breached its agreement, by disconnecting from the gas, and that damages were sustained by plaintiff because of such breach. There is no merit whatever in this contention. The court simply tells the jury that the plaintiff, in his petition, "claims" that these facts are true. Surely, upon a more careful reading, counsel will see that his contention in that behalf cannot be sustained.

The next contention of counsel is that the court erred in giving paragraph No. 3 of the charge, which is as follows:

"You are instructed that a contract in writing may be sold or assigned by parol—that is, by oral agreement and understanding between the parties; and in this case you are instructed that G. B. Harmon had a right to sell and assign the contract entered into on the 19th day of October, 1907, between S. W. Anthony, plaintiff, and G. B. Harmon, which contract is attached to plaintiff's petition and introduced in evidence, to the defendant, Laurel Oil & Gas Company; and if you find from the evidence in this case that on or about the 5th day of May, 1908, the said G. B. Harmon sold by oral agreement said contract to the defendant, Laurel Oil & Gas Company, and that said Laurel Oil & Gas Company accepted said contract and took possession of the pipe lines and connected with the well referred to in said contract on the Anthony land, and operated said well and sold to its customers said gas, and thereafter the defendant corporation made settlement with said Anthony for 50 per cent. of the gross receipts of gas as provided in said contract, then in that event, although the contract was not assigned in writing by Harmon to the Laurel Oil & Gas Company, yet as a matter of law it becomes the contract of the Laurel Oil & Gas Company as fully as if it had been assigned by Harmon to the Laurel Oil & Gas Company."

The objection urged to this paragraph is that the court—

"assumed that there was an oral agreement between Harmon and the company, plaintiff in error, whereby the contract involved was sold by Harmon to defendant, and that there was no evidence in the record tending to prove an oral agreement for the sale of said contract."

This contention cannot be sustained, for there is ample evidence in the record tending to prove such sale and transfer of the contract. It is immaterial whether the sale was oral or in writing, or whether the contract was direct or implied. The evidence shows that the transfer was recognized and ratified by both parties thereto; and it became the contract of plaintiff in error as fully as if there had been a positive contract of assignment, oral or in writing.

Plaintiff in error insists in its fourth assignment that the court erred in giving the following instruction:

"If you find under this instruction that the defendant company purchased the contract between Anthony and Harmon, then in determining the amount of the actual and compensatory damages that plaintiff may recover from defendant for disconnecting its pipe line and failing to furnish its customers with gas while the rock pressure was above 100 pounds, you should take into consideration the reasonable amount of gas the well would furnish from the time the defendant disconnected from said well, to wit, on the 1st day of December, 1908, until on or about the 4th day of October, 1909, and the plaintiff should recover for such amount of damages

as you believe he is fairly entitled to receive, based upon the evidence in this case, not exceeding the amount claimed in his petition, to wit, the sum of $2,500, for actual damages."

The objection to this charge is that, while it states the facts upon which the plaintiff bases its right to recover damages upon the alleged breach of the contract, and tells the jury that, if it finds said facts to be true, "the plaintiff should recover for such amount of damages as they believe he is entitled to receive, based upon the evidence in the case, it omits any reference to the defendant's evidence as to why it disconnected from the gas well," which would be an affirmative defense. A complete answer to that is that no such defense was set up in the answer. The answer, being simply a general denial, under the code practice, amounts to the plea only of nul tiel contract. It would evidently be unfair to a plaintiff to permit new matter to be introduced as a defense, when the answer was simply a general denial.

We have given the instructions of the court, as well as those refused, careful examination, and upon a full and fair consideration of the evidence, and the law as laid down by the trial court, we are of the opinion that no prejudicial error was committed.

There is sufficient evidence to sustain the judgment, and the case should be affirmed.

By the Court: It is so ordered.