### HUED, Rec., v. SPURGIN.

No. 12167—Opinion Filed Nov. 6, 1923.

(Syllabus)

**Sales—Action for Price—Defenses Under General Denial.**

In an action for the purchase price of an automobile, the defendant cannot prove under a general denial a breach of warranty

of title, but such defense must be specially pleaded

Error from District Court, Kay County; J. W. Bird, Judge.

Action by Fred Hurd, receiver, against H. C. Spurgin. Judgment for defendant, and plaintiff brings error. Reversed and remanded, with directions.

O. T. Atkinson and Tom Pringle, for plaintiff in error.

T. J. Sargent, for defendant in error.

COCHRAN, J. This was an action by the plaintiff in error against the defendant in error to recover the sum of $257.20, being the balance of the purchase price of an automobile. Defendant in error filed a general denial, and upon trial of the case, judgment was rendered for the defendant in error. For convenience, the parties will be hereinafter referred to as they appeared in the trial court.

Defendant admitted the purchase of the automobile, but defended on the ground that the automobile was mortgaged at the time it was sold to him and was thereafter taken away from him by the holder of the mortgage. The plaintiff contends that the trial court erred in permitting the defendant to offer proof of this defense under a general denial. We think this contention is well taken, as the defense was for a breach of warranty of title and was an affirmative defense which could not be established under a general denial. Grant v. Milam, 20 Okla. 672, 95 Pac. 424; Laurel O. & G. Co. v. Anthony, 62 Okla. 94, 162 Pac. 203; Standard Fashion Co. v. Morgan, 48 Okla. 217, 149 Pac. 1160.

The defendant contends that even though the trial court erred in admitting the above testimony, the judgment should not be reversed, because the trial court should have sustained a demurrer to plaintiff's testimony, as the plaintiff did not prove that he was the legally appointed receiver of the Overland Motor Service Company and did not prove that he had been authorized to file this suit, and that in these circumstances the error in admitting the testimony for the defendant, was harmless. We cannot agree with this contention, for although no testimony was offered to prove the appointment of the receiver or the authority to maintain the action, the objections raised by the defendant on these questions were overruled by the trial court and the case tried on its merits, which resulted in a verdict for the defendant. Had the objections urged by the defendant been sustained and the case disposed of on those grounds, the plaintiff would not have been precluded from having an adjudication of the merits in a proper action, but, if the present judgment is affirmed, plaintiff's right to recover on the merits is determined and the determination would be adverse to him by reason of the error in admitting the testimony.

For the reasons stated, we are of the opinion that the cause should be reversed and remanded, with directions to grant a new trial, and it is so ordered.

McNEILL, V. C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.